McCORD, Judge.
Relator filed Suggestion for Writ of Prohibition to prevent respondent from proceeding with a complaint filed against relator by one Thomas H. Callahan. We issued rule nisi and respondent has filed its return.
This proceeding involves a construction of certain provisions of Part III of Chapter 112, Florida Statutes, 1974, entitled “Standards of Conduct for Public Officers and Employees.” § 112.320 of that chapter creates respondent, the Commission on Ethics, and § 112.322 sets forth respondent’s duties and powers. Subsections (1) and (2) of § 112.322 provide as follows:
“(1) It is the duty of the commission on ethics to receive and investigate complaints of violation of the code of ethics as established in this part.
(2) When the commission determines in any case affecting an official or employee of the state, or of a county, city, or other political subdivision of the state, that a violation has been committed, the findings shall be transmitted to the person involved and to the official having power to take disciplinary action. The findings shall then become a matter of public record, but not before said finding.”
Subsections (l)(e) and (2) (a) of § 112.324 provide as follows:
“(e) Complaints concerning the violation of any provision of this part by an employee of a county, city, or other political subdivision of the state shall be directed to the official or board responsible for hiring that employee.
(2) (a) If, after 30 days, the responsible body, person, or board has not initiated action on the complaint, it shall be the duty of the commission on ethics to conduct its own investigation and recommend appropriate action to the proper disciplinary body of the senate or the house of representatives, the governor and cabinet, the head of the appropriate agency, or the official or board responsible for hiring the employee, whichever is applicable. If the commission finds probable cause that a violation of law has occurred, it may report the same to the appropriate law enforcement authorities.”
As shown by the suggestion and the return, respondent forwarded to Sunshine Drainage District and North Springs Improvement District copies of a complaint filed against relator by Callahan. The complaint alleges that a conflict of interest exists in relation to relator’s employment by each of the two districts. It is contended by relator that each of the districts initiated action on the complaints within the 30 day period provided by above-quoted subsection (2) (a) of § 112.324, thus precluding the independent investigation which is being initiated by respondent. Respondent contends the statute should be given a liberal construction commensurate with the express legislative intent and declaration of policy set forth in § 112.311, Florida Statutes; that the above-quoted limitation on respondent’s power to investigate a complaint limiting it to cases in which the responsible agency has not “initiated action” on the complaint within thirty days should be construed to require that the agency must “investigate and recommend appropriate action” within such period. Relator, on the other hand, contends that the two districts have each “initiated action” and have each determined that no violation of law existed; that the meaning of the statute is clear, and, thus, there is no reason to apply the rules of construction urged by respondent.
In this instance, pursuant to the statute, the complaints were forwarded by respondent commission to the two districts who were employers of relator on March 4, 1975. On March 18, 1975, relator filed a disclosure statement in compliance with § 112.313(3), Florida Statutes (1974), for the purpose of disclosing the fact of his *139 status as an officer of Coral Ridge Properties, Inc., and Florida National Properties, Inc., and as superintendent of the North Springs and Coral Springs Improvement Districts and the Sunshine Drainage District. On the same date, the board of supervisors of the North Springs Improvement District considered the complaint filed by Callahan against relator and reviewed relator’s disclosure statement. As requested by the board, the attorney for the North Springs Improvement District reviewed the provisions of Chapter 112, Florida Statutes, and concluded and advised that the complaint was insufficient to allege a conflict and that relator’s mere position as an employee of the district did not constitute a basis for disqualification. The board then concluded that no further action was necessary as to the complaint and requested its attorney to so inform respondent.
On March 20, 1975, the Board of Supervisors of the Sunshine Drainage District met and considered the matter. After some discussion and the apparent assumption that respondent would rqyiew any action they took, the following motion was made and passed unanimously:
“Mr. Singer: I would like to make a motion then that we go ahead and at this time rule that a conflict of interest does not exist as we see it and request a review by the Ethics Commission.”
It is clear that the governing bodies of both districts considered the complaints and ruled that their superintendent had no conflict of interest. While the Sunshine Drainage District operated under a misapprehension that their action would be reviewed by respondent and requested a review by respondent, it is clear that both districts ruled there was no conflict of interest. We can reach no other conclusion but that such action on their part not only initiated action but completed it within the 30-day period allowed them by the statute. Had either board desired that respondent investigate the complaint, their only course under the statute to accomplish that result would have been to initiate no action. By initiating action with the prescribed time period, they precluded action by respondent and respondent does not have jurisdiction to investigate and take further action on the complaints.
We note in passing that the 1975 Legislature has amended this statute (by Chapter 75-199, Laws of Florida) and if that law were applicable to these complaints, the result would not be the same. That law provides that all complaints filed with respondent commission prior to July 1, 1975, shall be continued to conclusion under the old law. These complaints were, of course, filed prior to July 1, 1975.
The writ of prohibition is issued and is made absolute.
BOYER, C. J., and MILLS, J., concur.